UNITED STATES DISTRICT COURT
DISTRICT OF NEVEDA

| | |
|---|---|
| **LAWRENCE GUY** on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: _____ |
| vs. | )<br>) **JURY TRIAL DEMANDED** |
| **DISA GLOBAL SOLUTIONS INC.** | )<br>) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Lawrence Guy ("**Plaintiff**"), on behalf of himself and those similarly situated, by and through plaintiff's attorney, and brings the following action against Defendant, Disa Global Solutions, Inc., ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**").

## PRELIMINARY STATEMENTS

1. Defendant has knowledge that it must comply with the FCRA.

2. Defendant produces background screening reports to third-party entities for employment purposes.

3. Defendant produces background screening reports to third-party entities for employment purposes for a fee.

4. The information produced in reports by the Defendant to third parties for employment purposes are defined as Consumer Reports (as the term is defined pursuant to the FCRA).

5. Defendant is a Consumer Reporting Agency (as a "Consumer Reporting Agency" is defined pursuant to the FCRA).

6. The reports produced by the Defendant, concerning the Plaintiff and other members

of each Putative Class, contained items which were matters of public record and were likely to have an adverse effect on a consumer's ability to obtain employment.

7. The reports provided by the Defendant contained information that would mislead the reader.

8. Defendant's production of misleading Consumer Reports results in an inaccurate report.

9. Defendant's production of inaccurate Consumer Reports violates 15 U.S.C. §1681e(b).

10. Plaintiff brings this action on behalf of himself and similarly situated consumers for violations of the FCRA.

11. Plaintiff, on behalf of himself, and all other members of each Putative Class, seeks statutory damages, punitive damages, costs and attorneys' fees, as set forth under 15 U.S.C. §1681n(a) and all other available relief as allowed by law.

## PARTIES

12. Plaintiff is a resident of Las Vegas, Nevada.

13. Defendant is a foreign company doing business in Texas and may be served through its registered agent C T Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

14. On information and belief, Defendant has produced more than 1000 consumer reports for employment purposes in the past two years.

## JURISDICTION AND VENUE

15. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

16. Venue is proper in this Court pursuant to § 28 U.S.C. § 1391. Plaintiff incorporated

in Nevada, applied to work in Nevada, Plaintiff's Consumer Report was requested in Nevada and his claims arise in substantial part in Nevada. Defendant regularly conducts business in Nevada and is subject to personal jurisdiction in this district.

## LEGAL AUTHORITY

17. Section 1681e(b) of the FCRA dictates the standard a consumer reporting agency is required to uphold when producing Consumer Reports as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

18. The purpose of the FCRA accuracy provision is to address the impact of the Consumer Reports produced by a consumer reporting agency and to ensure that the policies and procedures used to prepare the Consumer Report results in maximum possibly accuracy of the information contained within the reports produced to third parties to avoid adverse effects to the consumer.

19. Section 1681k of the FCRA requires a consumer reporting agency that furnishes a Consumer Report for employment purposes that contains matters of public record likely to have an adverse effect on the consumer's ability to obtain employment to:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

20. The purpose of section 1681k is to ensure heightened standards are used for

procedures used to collect information for employment purposes and to place the consumer on notice that possibly adverse information is being reported or in the alternative require strict procedures designed to meet the FCRA's accuracy requirements.

## FACTUAL ALLEGATIONS

21. Plaintiff applied for employment with a third-party entity in or about May of 2024.

22. Defendant provided the third-party entity with a report concerning the Plaintiff for employment purposes.

23. According to the Consumer Report provided by the Defendant, the report was provided to a third-party entity named Managed Labor Solutions (hereinafter referred to as "**MLS**").

24. Defendant charged MLS a fee for the report.

25. On information and belief, the manner in which Defendant provided the report to MLS is consistent with its policies and practices.

26. Defendant's report provided to MLS regarding the Plaintiff is inaccurate.

27. Defendant's report provided to MLS on the Plaintiff is incomplete.

28. Defendant's report violates 15 U.S.C. §1681e(b).

29. Defendant's report contains information that is materially misleading.

30. Defendant's report fails to report all information that was relevant thus resulting in a misleading portrayal of the Plaintiff and other members of each Putative Class by omitting to report all facts connected to the information in the report.

31. Defendant's report omits information that a reasonable employer would need to know when making an employment decision.

32. The omission of relevant information mischaracterizes the Plaintiff's character and

is materially misleading.

33. Omitting relevant information from Plaintiff's report is not a reasonable procedure to assure maximum possible accuracy.

34. Defendant's omission of relevant information from the Plaintiff's report is evidence that the Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the Plaintiff in violation of 1681e(b).

35. The report produced by the Defendant is not complete and up to date.

36. The report produced by the Defendant includes a section titled "Additional Sentencing Details".

37. The "Additional Sentencing Details" section states that the Plaintiff was required to serve 180 days in jail.

38. Plaintiff never served 180 days in jail.

39. The "Additional Sentencing Details" section fails to state that the court awarded the Plaintiff probation instead of jail time.

40. An award of probation instead of jail shows the court believed the Plaintiff had the ability to remain in the community as a productive member of society.

41. If the Plaintiff's Consumer Report was complete and up to date it would include information regarding the Plaintiff's probation.

42. If the Plaintiff's Consumer Report was complete and up to date it would include all relevant information about how the Plaintiff and other members of each Putative Class were judged by courts regarding their standing in society.

43. The "Additional Sentencing Details" section is materially misleading.

44. The "Additional Sentencing Details" section is not complete and up to date.

45. Defendant's failure to include the most up to date information violates 15 U.S.C. §1681k.

46. The Defendant failed to provide the Plaintiff notice that information likely to have an adverse effect on his employment was being provided to a third-party prior to or contemporaneously with the release of the adverse information.

47. Plaintiff was unaware that the Defendant had reported potentially adverse information to an potential employer.

48. Plaintiff lost the opportunity to explain the possibly adverse information (and how that information was incorrect) prior to the Defendant providing the negative information to the potential employer.

49. Defendant's report threatened the Plaintiff's livelihood.

50. Plaintiff applied for employment with MLS.

51. Plaintiff was offered employment with MLS.

52. Plaintiff's past criminal history was not related to the position of employment with MLS.

53. Plaintiff's job offer with MLS was withdrawn after MLS received a copy of the Plaintiff's Consumer Report.

54. On information and belief, MLS employs individuals who are currently on probation.

55. Plaintiff had successfully completed his probation by the end of 2021 long before applying with MLS.

56. Defendant's report failed to include that the Plaintiff received probation instead of imprisonment.

57. Defendant's report failed to state that the Plaintiff successfully completed his probation and never served a period of imprisonment.

58. Defendant's report caused the Plaintiff to lose wages.

59. Defendant's procedure to not inform the employer that probation was received in lieu of imprisonment cost the Plaintiff a job opportunity and wages that would have been earned.

60. Defendant's report harmed the Plaintiff's reputation.

61. Defendant's procedure to not inform the employer that probation was received in lieu of imprisonment harms the Plaintiff's reputation in society where individuals who spent time imprisoned receive less consideration for jobs and benefits.

62. On information and belief, a written agreement addressing the production of Consumer Reports exists between MLS and the Defendant.

63. On information and belief, the written agreement between MLS and the Defendant required the Defendant to produce reports that complied with the FCRA.

64. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that the Defendant's violations were reckless.

65. The manner in which the Defendant reported the Plaintiff's criminal history is consistent with its policies and procedures.

66. On information and belief the Defendant fails to maintain strict procedures that are designed to ensure information included in a Consumer Report is complete and up to date.

67. Defendant's report failed to utilize procedures to ensure that the Plaintiff's information was complete and up to date.

68. Plaintiff's report did not include the most up to date information that was available regarding the Plaintiff.

69. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that the Defendant's violations were in negligent and reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

70. Plaintiff asserts the following classes:

**15 U.S.C. §1681e(b) Class:** All individuals who were the subject of one or more Consumer Reports that failed to indicate probation was received in lieu of jail or prison time for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

**15 U.S.C. §1681k Class:** All individuals who were the subject of one or more Consumer Reports in which Defendant included matters of public record that were likely to have an adverse effect upon a consumer's ability to obtain employment without giving prior or contemporaneous notice as required by 15 U.S.C. § 1681k(a)(1) or maintaining strict procedures as required by 15 U.S.C. § 1681k(a)(2) for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

### Numerosity

71. The proposed classes are so numerous that joinder of all members of each class is impracticable. Defendant regularly produces Consumer Reports on individuals to third parties for employment purposes. On information and belief, Defendant has produced more than 1000 Consumer Reports using the same policies and procedures during the relevant period for each class. Defendant fails to comply with the certification, accuracy, and notice mandates of the FCRA. Plaintiff believes that at least 100 individuals would fall within the definition of the Putative Classes.

### Common Questions of Law and Fact

72. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual members of each class. Among the questions of law and fact common to each class is:

a.  Whether the Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the Consumer Reports produced;

b.  Whether the Defendant produced reports that contain inaccuracies in violation of 1681e(b);

c.  Whether the Defendant failed to provide proper notice or maintain strict procedures designed to ensure information was complete and up to date;

d.  Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

e.  The proper measure of damages.

### Typicality

73.  Plaintiff's claims are typical of the members of the proposed classes. Defendant is a Consumer Reporting Agency that produces Consumer Reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other members of each class and the Defendant treated Plaintiff consistent with other members of each Putative Class in accordance with its standard policies and practices.

### Adequacy of Representation

74.  Plaintiff, as a representative of each class, will fairly and adequately protect the interests of each Putative Class and has no interest that conflict with or are antagonistic to the interest of the members of each class. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. No conflict exists between Plaintiff and members of each class.

### Superiority

75.  A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

76. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of each Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member of each class's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

77. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to each class, so that any final relief is appropriate respecting each class as a whole.

78. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to each Putative Class predominate over any questions affecting only individual members of each Putative Class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and procedures, resulting in common violations of the FCRA. Members of each Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each member of each class's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of each Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all members of each Putative Class's claims in a single forum.

79. Plaintiff intends to send notice to all members of each Putative Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential members of each class are available from Defendant's records.

## Count I
## 15 U.S.C § 1681e(b) Violations

80. Plaintiff incorporates the foregoing paragraphs 12-79 as if fully set forth herein.

81. The report produced by the Defendant contained information that was misleading.

82. The report produced by the Defendant contained information that was inaccurate.

83. A reasonable employer would be confused by Defendant's Consumer Report.

84. Defendant's report casts the Plaintiff in a false light.

85. Defendant's report falsely identified the Plaintiff as an individual that was deemed unable to remain in society and sentenced to time in jail.

86. Defendant's report omitted relevant probation information.

87. Defendant's report omitted that the Plaintiff's successfully completed probation.

88. A reasonable employer would consider an applicant sentenced to a jail term without probation less desirable than an individual who was granted and successfully completed probation.

89. Defendant's inaccurate and misleading report cast the Plaintiff in a more unfavorable light than would have been if the Defendant had complied with the FCRA.

90. The Defendant's actions were negligent and/or reckless.

91. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

    b. Defendant had access to public information that proved the report was inaccurate and misleading;

      c.      Defendant produced a report concerning the Plaintiff that omitted information that would have been beneficial to the Plaintiff; and

      d.      Defendant committed multiple violations of the FCRA by producing a Consumer Report that was both inaccurate and misleading;

92. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

93. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

94. Plaintiff is further entitled to recover costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
## 15 U.S.C § 1681k

95. Plaintiff incorporates the foregoing paragraphs 12-79 as if fully set forth herein.

96. The FCRA mandates that a Consumer Reporting Agency, which furnishes a Consumer Report for employment purposes, shall at the time such public record information is reported to the user of such Consumer Report, notify the consumer of the fact that public record information is being reported by the Consumer Reporting Agency together with the name and address of the person to whom such information is being report or maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

97. On information and belief, the Defendant has no practice in which it provides contemporaneous notice to consumers.

98. On information and belief, the Defendant has no strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on

a consumer's ability to obtain employment is reported it is complete and up to date.

99. Plaintiff's Consumer Report was not complete and up to date.

100. Plaintiff's Consumer Report failed to report the successful completion of probation.

101. Plaintiff's Consumer Report failed to report that probation was awarded in lieu of any form of imprisonment.

102. The manner in which the Plaintiff's Consumer Report was produced is consistent with the Defendant's policies and procedures.

103. Failing to provide the Plaintiff and other Putative Class members with contemporaneous notice that matters of public record likely to have an adverse effect on their ability to obtain employment is being provided to prospective employers deprives individuals with the opportunity to proactively address the forthcoming information.

104. Failing to comply with the provisions of 15 U.S.C. §1681k threatens the livelihood of consumers.

105. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

    b. Defendant had access to public information that proved the report was not complete and up to date; and

    c. Defendant committed multiple violations of the FCRA by producing a Consumer Report without use of strict procedures;

106. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

107. Plaintiff and the proposed class members are also entitled to punitive damages for

these violations, pursuant to 15 U.S.C. §1681n(a)(2).

108.   Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.   Holding that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b.   Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

c.   Directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.   Finding that Defendant committed multiple, separate violations of the FCRA;

e.   Finding Defendant recklessly violated the provisions of the FCRA.

f.   Finding Defendant negligently violated the provisions of the FCRA.

g.   Finding that Defendant acted negligently and/or in deliberate or reckless disregard of the rights of the Plaintiff and Putative Class members;

h.   Finding that the Defendant's actions meet the standard necessary for an award of statutory damages, punitive damages, and attorneys' fees and costs as provided by the FCRA; and

i.   Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims.

Respectfully submitted,

<u>/s/ Lee Iglody</u>
Lee Iglody, Bar No. 7757
IGLODY LAW
2580 St Rose Pkwy #330
Henderson, Nevada 89074
Tel: (702) 425-5366
E: <u>lee@iglody.com</u>

<u>By: /s/ Jayson A. Watkins</u>
Jayson A. Watkins MO 61434
jwatkins@sirillp.com
Siri | Glimstad
Direct: 929-274-2944
Main: 888-SIRI-LAW
745 Fifth Avenue Suite 500
New York, NY 10151
sirillp.com
ATTORNEY FOR PLAINTIFF
